IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 11, 2012

## CHRISTOPHER L. WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-C-1673      Cheryl Blackburn, Judge**

**No. M2012-00533-CCA-R3-PC - Filed November 13, 2012**

The petitioner, Christopher L. Williams, appeals the Davidson County Criminal Court's summary dismissal of his petition for post-conviction relief. He claims that the post-conviction court erred in dismissing his petition as time-barred. Following our review, we affirm the post-conviction court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Christopher L. Williams, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In August 2002, following a jury trial, the petitioner was convicted of three counts of especially aggravated kidnapping and sentenced to consecutive terms of twenty-five years for each count, for a total effective sentence of seventy-five years. His convictions and sentence were affirmed by this court on direct appeal. The petitioner did not seek permission to appeal to the Tennessee Supreme Court, and the applications filed by his co-defendants were denied. See State v. Christopher L. Williams, Corey A. Adams, and Ortega Wiltz, No. M2003-00517-CCA-R3-CD, 2005 WL 639123, at *1 (Tenn. Crim. App. Mar. 16, 2005),

perm. app. denied (Tenn. Oct. 10, 2005).[1] Subsequently, in October 2006, the petitioner filed a petition for post-conviction relief, followed by two amended petitions, which was summarily dismissed by the post-conviction court as untimely. This court affirmed the dismissal, concluding that due process tolling of the statute of limitations was not applicable and that the petitioner was not entitled to a delayed appeal pursuant to Tennessee Rule of Appellate Procedure 11. See Christopher L. Williams v. State, No. M2007-00386-CCA-R3-PC, 2008 WL 544636, at *1 (Tenn. Crim. App. Feb. 21, 2008), perm. app. denied (Tenn. June 23, 2008). Thereafter, the petitioner filed a second petition for post-conviction relief on October 27, 2008, again requesting a delayed appeal to the supreme court. On November 3, 2008, the post-conviction court entered a written order dismissing the petition on the basis that it had been previously litigated.

The petitioner filed the present petition, his third, for post-conviction relief on January 24, 2012, contending that his request for a delayed appeal has not been previously litigated because he "did not receive a full and fair hearing, therefore his petition was not resolved on its merits." The post-conviction court entered a written order on February 8, 2012, dismissing the petition as time-barred and having been previously litigated. The petitioner then filed a timely notice of appeal to this court.

## ANALYSIS

The petitioner argues that the post-conviction court erred in dismissing his present petition, as well as his previous petitions, without conducting an evidentiary hearing; "therefore his petition was not resolved on its merits."

Under the Post-Conviction Procedure Act of 1995, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2006).

The post-conviction statute contains a specific anti-tolling provision, stating:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise.

---

[1]We note that this case was designated "not for citation" by our supreme court.

Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id. Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retrospective application; (2) when the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that was not a guilty plea and which was used to enhance the petitioner's sentence has been held to be invalid. Id. § 40-30-102(b).

The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. See Seals v. State, 23 S.W.3d 272, 278-79 (Tenn. 2000).

[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

Id. at 277-278 (quoting Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992)).

[C]ourts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising" determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). The principles of due process are flexible, requiring a balancing of the petitioner's liberty interest against the state's finality interests. Sample v. State, 82 S.W.3d 267, 273-74 (Tenn. 2002).

The post-conviction court found that the petitioner's request for a delayed appeal to the Tennessee Supreme Court "ha[d] been litigated *multiple* times" and therefore summarily dismissed the petition on the basis it had been previously litigated and was time-barred. The

-3-

record fully supports the post-conviction court's findings.  Accordingly, we affirm the summary dismissal of the petition.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, we affirm the summary dismissal of the petition as time-barred.

_____
ALAN E. GLENN, JUDGE